## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:20-cv-00377-FDW-DCK

| | |
|---|---|
| **MARY HAGGINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **ORDER** |
| ) | |
| ) | |
| **CONSUMER PROTECTION,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1]

and on Plaintiff's Application to Proceed in Forma Pauperis [Doc. 2].

## I.     BACKGROUND

On July 13, 2020, Plaintiff Mary Haggins ("Plaintiff"), a North Carolina resident, filed this

action pursuant to Title VII of the Civil Rights Act of 1964, naming "Consumer Protection" as the

sole Defendant. [Doc. 1]. Plaintiff alleges that Defendant "Consumer Protection" is in Raleigh,

North Carolina, and associates it with the North Carolina Department of Justice. [Id. at 1].

Plaintiff makes vague, nonsensical allegations about various individuals calling her and "want[ing]

to know how consumer's get [her] number. And what company or business sold [her] identity."

[Id. at 2]. She states that "real people" call her and try to sell her products and/or newspapers. [Id.

at 3]. Although her Complaint is extremely difficult to decipher, it appears Plaintiff has sent over

$13,000.00 to various individuals or entities and she has not received anything in return.[1] [See id.

_____

[1] It also appears that Plaintiff has inadvertently inserted pages from a complaint she filed with this Court
that have no factual relationship to the instant allegations. This other case was dismissed. [See Doc. 1 at
6-7; Civil Case No. 3:20-cv-00185-GCM, Docs. 1,3].

at 14].  Plaintiff previously filed a Complaint in this Court in Case No. 3:20-cv-00177-GCM against Defendant American Sweepstakes Network in which she alleged some of the same general facts.  The Court dismissed that action for failure to state a claim upon which relief may be granted.  [Case No. 3:20-cv-177, Docs. 1, 6].

Plaintiff filed this action on a form used for employment discrimination claims brought under Title VII of the Civil Rights Act of 1964, but she does not allege any facts tending to show that she suffered employment discrimination by the Defendant in this matter.  Plaintiff seeks $72.10 million in damages.  [Doc. 1 at 9].

## II.    MOTION TO PROCEED IN FORMA PAUPERIS

The Court first addresses Plaintiff's motion to proceed in forma pauperis.  Plaintiff's affidavit shows that she had an average monthly income of $200.00 for the past twelve months and that she expects $0.00 in income next month.  [Doc. 2 at 1-2].  Plaintiff reports she and her spouse have a combined total of $215.50 in their bank accounts.  [Id. at 2].  Plaintiff reports that she has no assets and total monthly expenses of $1,218.00.  [Id. at 3-5].  The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee.  The Court will, therefore, allow the motion and permit Plaintiff to proceed in forma pauperis for the limited purpose of this Court's initial review of Plaintiff's Complaint.

## III.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint

2

must be construed liberally.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in her complaint which set forth a claim that is cognizable under federal law.  <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

## IV.  DISCUSSION

Plaintiff's Complaint fails initial review for several reasons.  First, Defendant "Consumer Protection" is not an identifiable legal entity and is not a proper Defendant in these proceedings. Second, Plaintiff has alleged no facts showing that she suffered employment discrimination under Title VII, which she purports is the basis for this Court's jurisdiction.  Given Plaintiff's indecipherable allegations, no other basis for this Court's jurisdiction is evident from the Complaint.  Third, Plaintiff has not identified any legal claims in her Complaint.  The Court cannot manufacture allegations for the Plaintiff. The Complaint is simply too vague and non-sensical to state a claim up which relief may be granted.  In short, Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted.  The Court, therefore, will dismiss this action with prejudice, as amendment would be futile.

Furthermore, the Court notes that Plaintiff has recently filed more than 10 other actions in this Court that are similar in quality to the instant Complaint.  **<u>Plaintiff is strongly cautioned that repeated filing of frivolous actions may result in the imposition of sanctions and/or prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.</u>**

## V.  CONCLUSION

In sum, the Court dismisses this action with prejudice as frivolous and for failure to state a claim upon which relief can be granted.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] is **DISMISSED** with prejudice.

2. Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 2] is **GRANTED**.

Signed: October 5, 2020

Frank D. Whitney
United States District Judge